[S. F. No. 13449.   In Bank.—December 3, 1929.]

STANDARD SANITARY MANUFACTURING COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCI-DENT COMMISSION and PETE SERTOK, Respond-ents.

R. P. Wisecarver and Wm. S. Downing for Petitioner.

G. C. Faulkner and Edward O. Allen for Respondents.

RICHARDS, J.—The petitioner applied for and was granted a writ of review herein upon its application therefor, wherein it sought to have reviewed and annulled a decision and award of the Industrial Accident Commission wherein it finally granted to one Pete Sertok, an employee, a disability award. The facts upon which the application of the petitioner is predicated are not disputed and may be briefly summarized as follows: Pete Sertok had been in the employ of the petitioner herein for a number of years prior to his illness and application for an award. In July, 1927, he became ill with a disorder which was either due to a rheumatic fever or which was the result of lead poisoning received in and as a consequence of his employment. He lingered along in the employ of the petitioner, doing different and easy jobs until the month of March, 1928, when, upon a physician's report as to his condition, he was obliged to cease work. Thereafter and within the statutory time he filed with the Commission his claim for compensation, alleging that he was suffering from lead poisoning, which, it is admitted, was an industrial disorder. A hearing was held, as a result of which the Commission on June 22, 1928, made its original findings and decision, wherein it found that the status of employer and employee existed, but that the evidence presented before it was "insufficient to establish that the employee received an injury arising out of and in the course of said employment, or that the disability complained of was caused by said employment." It was therefore ordered that the applicant take nothing. Thereafter and on July 12, 1928, the employee filed a petition for rehearing, based upon certain new and further medical examinations and reports which were attached to his petition. On August 11, 1928, this petition for rehearing was denied by the Commission. On August 25, 1928, the employee filed a further petition before the Commission to reopen the case and to set aside not only the original award on June 22, 1928, but also the order denying a rehearing, made on August 11, 1928, basing his application upon the alleged inadvertence and mistake of the Commission in denying his said petition for a rehearing, under the mistaken belief that the medical department of the Commission had reviewed and rendered an opinion on the new medical reports attached to the petition for rehearing adverse to the

petitioner; whereas in truth and fact no opinion of the medical department based upon this new evidence had been up to that time filed. The Commission, upon inquiry, discovered that the applicant was correct in the foregoing regard and that the opinion of its medical department, which was for the first time filed on August 30, 1928, was favorable to the petitioner. Thereupon and on September 6, 1928, a hearing was held before the Commission, all parties being present, at which Commissioner Trowbridge stated the conclusion of the Commission to the effect that the petition for rehearing had been denied upon the mistaken impression that a report of its medical department had theretofore been filed. Thereupon and upon a further investigation confirming that situation the Commission on October 24, 1928, made its order reopening the case, which order was made within the period during which the applicant might otherwise have applied for a writ of review, and on the latter date the report of the medical department having been considered by it the Commission made its findings and award granting to the employee compensation for an occupational disease or injury, to wit: lead poisoning sustained by him in the course of his employment. On November 10, 1928, the petitioner herein filed a petition for rehearing with the Commission, alleging lack of due process of law in that it had been given no opportunity to cross-examine the medical referee, which petition the Commission found it necessary to grant for the reason stated, and on December 19, 1928, a further hearing was held wherein, all parties being present, the medical referee was cross-examined and other medical testimony was adduced by the employer. On January 11, 1929, the Commission filed its final decision, adopting, with certain amendments, its findings of fact and award made and entered on October 24, 1928, but otherwise confirming its said decision and award in the applicant's favor. A petition for rehearing being denied, the petitioner herein on February 9, 1929, first appealed to the District Court of Appeal, First Appellate District, Division One, for a writ of review, which application was denied without an opinion, and after petition for rehearing therein the petitioner applied for and was granted a hearing in this court, and the matter being thereafter argued herein was submitted for decision.

The fundamental error of the petitioner herein consists in its assertion that the Industrial Accident Commission by its first decision adverse to the applicant, based upon the ground that the evidence thus far presented before it was insufficient to show that the employee was suffering from an occupational disease, had thereby divested itself of jurisdiction over the applicant's case and that it was therefore without power either to entertain a petition of said applicant for a rehearing or to further reopen the matter, under the provisions of section 20d of the Compensation Act (Stats. 1917, p. 850), and that the only remedy of the applicant after this first decision by the Commission was that of an application for a writ of review.

The Commission upon its first hearing found that the relation of employer and employee existed; that the employment was such as came within the beneficial provisions of the Workmen's Compensation Act (Stats. 1917, p. 831); that the disorder of the employee was one which had arisen during the course of his employment. The applicant alleged his illness to have been caused by lead poisoning, which was admittedly an industrial disorder. Upon the face of the employee's application, therefore, a perfect case for the exercising of the jurisdiction of the Commission attached, under the terms of section 55a of the Workmen's Compensation Act. It is true that upon such first hearing the Commission found that the evidence which the applicant had thus far introduced was insufficient to show that he was suffering from a compensable injury. Its finding to this effect and its decision based thereon that the applicant was not entitled to an award were thus strictly within the exercise of the Commission's jurisdiction. Having made such decision against the applicant he was entitled under the express terms of the act to apply for a rehearing and by so doing to enable the Commission upon the evidence already adduced to change its ruling, or to so far eke out the insufficiency of his former showing by new and additional proofs to make out a sufficient case for a decision in his favor. The applicant tendered such proofs, but through a misapprehension as to the state of the record before it the Commission failed to consider these and consequently denied the petition for a rehearing. Had the applicant upon such denial presented another petition for rehearing the case of

*Crowe Glass Co.* v. *Industrial Acc. Com.*, 84 Cal. App. 287 [258 Pac. 130], upon which the petitioner herein relies, would doubtless have had application to the case. The applicant, however, did not so apply; but, as the record discloses, he did make timely application to the Commission for an order vacating and setting aside its order denying his petition for a rehearing based expressly upon the provisions of section 20d of the Workmen's Compensation Act, under the terms of which the Commission is given a continuing jurisdiction "over all its orders, decisions and awards made and entered under the provisions of sections 6 to 31, inclusive, of this act, and may at any time, upon notice and after opportunity to be heard is given to the parties in interest, rescind, alter or amend any such order, decision or award made by it, upon good cause appearing therefor" and which continuing jurisdiction extends over a period of 245 weeks from the date of the injury. In the case of *Bartlett-Hayward Co.* v. *Industrial Acc. Com.*, 203 Cal. 522 [265 Pac. 195], the scope and intent of the foregoing provisions of the Workmen's Compensation Act were given very full and careful consideration, especially with reference to what, under the terms of said section, would constitute such "good cause" as would call into exercise the powers of the Commission thereunder, and it was therein held that the mistake or inadvertence of the Commission in giving an injured workman a certain rating, when as a matter of law upon the undisputed facts he was entitled to another and better rating in determining his permanent disability would constitute "good cause" for the exercise of the continuing jurisdiction of the Commission. If a mistake or inadvertence of this character on the part of the Commission would suffice to furnish good cause for this exercise of its extended jurisdiction, it would seem to follow inevitably that the mistake and inadvertence of the Commission in overlooking the fact that the applicant upon his petition for rehearing had presented certain cogent evidence upon which the medical department of the Commission had not as yet, but was about to render, a favorable report would be amply sufficient to justify the Commission in setting aside its order denying the petition for rehearing based solely upon its aforesaid misapprehension as to the state of the record before it. (*Brunski* v. *Industrial Acc. Com.*, 203 Cal. 761 [265

Pac. 918]; *United States F. & G. Co.* v. *Industrial Acc. Com.,* 204 Cal. 88 [266 Pac. 805]; *Kennedy* v. *Industrial Acc. Com.,* 50 Cal. App. 184 [195 Pac. 267]; *Colorado F. & I. Co.* v. *Industrial Commission,* 85 Colo. 237 [275 Pac. 910]; *Southern Min. Co.* v. *Collins,* 222 Ky. 388 [300 S. W. 896]; *Hanson* v. *North Dakota W. C. Bureau,* 56 N. D. 525 [218 N. W. 215].) We therefore hold that the Commission was justified in the exercise of its aforesaid continuing jurisdiction in setting aside its order denying the applicant's petition for a rehearing, and was also justified upon such new and further hearing in making its order based upon the report of its medical department favorable to the applicant granting him the award which the petitioner herein, after a vain attempt to seek a further hearing before the Commission, seeks to have this court set aside.

The foregoing consideration answers, we think, every insistence made by the petitioner herein upon its application for a writ of review, and it therefore follows that the award of the Commission should be and is hereby affirmed, and that the petition and order for a writ of review herein should be and the same are hereby discharged.

Shenk, J., Curtis, J., Preston, J., Langdon, J., Seawell, J., and Waste, C. J., concurred.

Rehearing denied.

All the Justices present concurred.