[Civ. No. 7308. First Appellate District, Division Two.—April 19, 1930.]

H. BAKALOFF, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA, LINGREN & SWINNERTON et al., Respondents.

Wayne R. Millington for Petitioner.

Edward O. Allen for Respondents.

NOURSE, P. J.—Petitioner sued in *certiorari* to review an order of the respondent Commission.

On June 15, 1929, while in the course of his employment as a laborer, petitioner was struck on the left wrist by a falling plank. The injury was found to have caused a temporary total disability from June 15 to August 5, 1929, during which time petitioner received a weekly compensation of $20.38, based upon wages of $5.50 a day. He was also given all necessary medical care. On August 5th the petitioner was tendered by his employer "suitable light work and work which the applicant was capable of doing" (referee's findings), and for which the petitioner would receive the same wages he was receiving at the time of the injury. The petitioner refused to accept any offer of re-employment, and on October 24, 1929, the Commission directed the insurance carrier to furnish further medical treatment to effect a cure of petitioner's injuries, and ordered further compensation payments to cease. The *certiorari* is directed to this order.

The power of the Commission to alter an award "upon good cause appearing therefor" is found in subdivision "d" of section 20 of the Workmen's Compensation Act (Stats. 1917, p. 850). This power includes the right to increase, diminish, or terminate an award "upon the grounds that the disability . . . has either recurred, increased, diminished, or terminated."

The application of this section of the act was before us in *Miller Creamery* v. *Industrial Acc. Com.*, 66 Cal. App. 404 [226 Pac. 402, 403]. In that case the injured employee, after receiving medical and hospital care, returned to work and in about six weeks he claimed that his condition had grown steadily worse. We held that this was "a change in the facts of the case . . . a recurrence of the disability" and that the Commission had jurisdiction under this section to reopen the case and to make a new award.

In *Standard Sanitary Mfg. Co.* v. *Industrial Acc. Com.*, 208 Cal. 532 [282 Pac. 948], the Supreme Court, citing numerous authorities, held a mistake or inadvertence of the Commission in originally denying compensation was "good cause" for the exercise of this continuing jurisdiction under section 20d and affirmed an award of compensation made under the authority of that section.

There is evidence tending to show that the work offered petitioner would not have interfered with a recovery from his injury, but that it would have contributed to the curing of that condition. As the employee would have received the same wages paid prior to his injury, he is in no position to complain of this arrangement if he is fairly interested in his ultimate rehabilitation to the position of self-support. As the insurance carrier was required to continue medical treatment of the injury, it seems to us that the Commission has taken every caution to insure the rights and privileges of the petitioner under the Compensation Act.

The order is affirmed.

Sturtevant, J., and Dooling, J., *pro tem.*, concurred.