[Civ. No. 8336. Second Appellate District, Division Two.—September 23, 1932.]

WESTERN PIPE & STEEL COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and JOSEPH ELBERT HUSTON, Respondents.

John W. Carrigan for Petitioner.

A. I. Townsend for Respondents.

THOMPSON (IRA F.), J.—By this proceeding it is sought to annul an order of the Industrial Accident Commission dated February 29, 1932. Joseph Elbert Huston was injured July 26, 1928, during the course of his employment with the petitioner, which corporation was at the time self-insured. The petitioner paid compensation to Huston at the rate of $20.83 per week at all times subsequent to one week following the accident, together with all hospital and medical expenses. However, on May 14, 1930, Huston filed an application asking for an adjustment of his claim, alleging that his injuries were caused by the serious and wilful misconduct of his employer, the petitioner. After a hearing thereon the respondent Commission determined that the accident was occasioned by the serious and wilful misconduct and ordered the compensation increased by one-half. Upon the petition of the employer, however, a rehearing was granted and the Commission arrived at a different conclusion. The respondent Huston then petitioned for a rehearing, which was denied, following which order he petitioned this court for a writ of review, which was denied, and the award became final. Subsequently and on November 5, 1931, he filed with the Commission a petition that his case be reopened upon the ground of a mistake of fact which he could establish by additional evidence to be produced at the hearing. Over the strenuous objections of petitioner the Commission heard the evidence and made its order reopening the case and determining that the accident was caused by the misconduct, ordering the compensation increased to $31.24 weekly, or one-half,

beginning August 5, 1928. It is this award which the petitioner claims the respondent Commission had no jurisdiction to render. The principal contention in this particular is that section 20 (d) of the Workmen's Compensation Act (Stats. 1917, pp. 831, 850) does not apply to cases involving "proof" of serious and wilful misconduct, and hence that the decision made after the rehearing became final and beyond the power of the respondent Commission to alter or amend.

The section referred to reads as follows: "(d) The commission shall have continuing jurisdiction over all its orders, decisions and awards made and entered under the provisions of sections 6 to 31, inclusive, of this act and may at any time, upon notice and after opportunity to be heard is given to the parties in interest, rescind, alter or amend any such order, decision or award made by it upon good cause appearing therefor, such power including the right to review, grant or regrant, diminish, increase or terminate, within the limits prescribed by this act, any compensation awarded, upon the grounds that the disability of the person in whose favor such award was made has either recurred, increased, diminished or terminated; provided, that no award of compensation shall be rescinded, altered or amended after two hundred forty-five weeks from the date of the injury. Any order, decision or award rescinding, altering or amending a prior order, decision or award shall have the same effect as is herein provided for original orders, decisions or awards."

There can be no doubt, regardless of our preconceived notions, of the construction which must be given to the designated section since the case of *Bartlett Hayward Co.* v. *Industrial Acc. Com.*, 203 Cal. 522 [265 Pac. 195, 199]. It is therein said: "It is our conclusion, therefore, that the continuing jurisdiction of the Commission as provided by section 20 (d) of the act of 1917 is not limited to the consideration of changes in the physical condition of the workman, but is extended to the right to rescind, alter or amend the orders, decisions or awards upon good cause appearing therefor. What constitutes 'good cause' depends largely upon the circumstances of each case. The term is relative. It may be assumed that the determination of the Commission as to what constitutes 'good cause,' while en-

titled to great weight, would not be conclusive." And again, in discussing whether the Commission was barred from exercising its continuing jurisdiction, the court there said: "We find no provision of the act which operates as an estoppel as against the Commission to exercise its continuing jurisdiction within the stated time, either as to the changed condition of the injured employee *or as to other matters, law or fact,* which would constitute 'good cause' for the exercise thereof." (Italics ours.) It is thus seen that, dependent upon good cause, the respondent Commission has, within the specified time limit, general continuing jurisdiction over "its orders, decisions and awards made and entered under the provisions of section six to thirty-one inclusive" of the act. The provision for the increase of the amount of compensation for injury occurring by reason of the "serious and wilful misconduct of the employer" is found in section 6 (b) of the act. Hence it follows that the respondent Commission has continuing jurisdiction over awards of compensation for injuries thus occasioned.

It is argued, however, that newly discovered evidence does not constitute good cause—that such testimony should have been produced theretofore or the employee forever barred by the award which became final when his petition for the writ of review was denied. The contention thus advanced would unquestionably be held sound if we were considering litigation in the ordinary forum. The old maxim, *"Interest reipublicae ut sit finis litium,"* would be determined to be applicable. But here we are confronted with a different situation, as is pointed out in the exhaustive opinion in the Bartlett case. It was there determined that a mistake of law on the part of the Commission, i. e., giving the employee "a rating of twenty-five per cent permanent disability when as a matter of law . . . he was entitled to a rating of one hundred per cent disability" constituted "good cause." How, then, can we say that the Commission did not have jurisdiction to determine that a mistake of fact occasioned by the failure or inability of the employee to produce certain testimony at a former hearing constitutes good cause? Logically there is no distinction.

Reliance is had by petitioner upon the authorities of *Hindes* v. *Industrial Acc. Com.,* 73 Cal. App. 726 [239 Pac. 339] , *Benton* v. *Industrial Acc. Com.,* 74 Cal. App. 411

[240 Pac. 1021], and *Crowe Glass Co.* v. *Industrial Acc. Com.,* 84 Cal. App. 287 [258 Pac. 130]. The first two are effectively disposed of and explained in *Bartlett Hayward Co.* v. *Industrial Acc. Com., supra,* and the third is distinguished in *Standard Sanitary Mfg. Co.* v. *Industrial Acc. Com.,* 208 Cal. 532 [282 Pac. 948].

Finally, it is asserted that the claim of the respondent Huston was barred by his failure to file a claim for adjustment on the ground that the injury was occasioned by the serious and wilful misconduct of the employer until one year and ten months after the accident. It is a sufficient answer to this contention to point out that the period of limitation was not pleaded as an affirmative defense, as is required by section 11 (b) of the act.

Award affirmed.

Craig, Acting P. J., concurred.

STEPHENS, J., *pro tem.*, Concurring—I concur.

In concurring I wish to express my opinion that any break in the rule of finality of decision is regrettable. Courts presided over by trained judges are very strictly limited in their power of opening cases after judgment. The value of knowing that a certain judgment is final is greater in most cases than the possibility of advantageous change. The temptation to present perjured or colored testimony to meet a condition revealed in the first trial is often too great to be successfully resisted. These are good reasons, and there are others, supporting the doctrine of finality of decision as applied to courts. They certainly apply with equal force to judgments rendered by commissions untrained in our system of jurisprudence.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 21, 1932, and an application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 21, 1932.