[Civ. No. 8828. First Appellate District, Division Two.—February 28, 1933.]

ESTHER MANTYLA et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA, HENRY STONESON et al., Respondents.

George R. Andersen and R. H. Cormany for Petitioners.

A. I. Townsend for Respondents.

SPENCE, Acting P. J.—Petitioners seek annulment of the order of the respondent Commission denying their petition to reopen under section 20(d) of the Workmen's Compensation, Insurance and Safety Act and also of the order of respondent Commission denying rehearing of said petition to reopen.

The original award in favor of the defendants in the proceeding before the respondent Commission was filed March 8, 1932, and the order denying rehearing thereon was entered April 29, 1932. No proceedings were instituted for the purpose of seeking a review thereof. Subsequently, on August 3, 1932, petitioners filed with the respondent Commission their petition to reopen the cause under said section 20(d), which petition was denied on August 12, 1932, and thereafter a petition for rehearing of said petition to reopen was also denied.

The petition to reopen was made upon the grounds that "the evidence does not justify the findings of facts" and that "the applicants have discovered new and further evidence which they could not with reasonable diligence have produced at the hearing herein". The deceased died of exsanguination. The first ground of the petition related to the finding of the Commission that "the evidence does not establish that said employee sustained any injury arising out of or in the course of his employment; or that any injury arising out of and in the course of said employment caused or exacerbated said exsanguination or proximately caused said death". If these findings were entirely without support in the evidence, petitioners should have made timely application for review of the original award, but having failed to do so they cannot now complain of the refusal of the Commission to set aside its award on a petition to reopen under said section 20(d). While said section is quite broad in its terms, we believe that ordinarily the Commission should refuse to reopen the cause where the ground specified

is one which might have been considered on a review by the court of the original award. We have, however, examined the record and are satisfied that the evidence supports the findings.

The second ground of the petition related to alleged newly discovered evidence. This ground was not urged in the petition for rehearing following the original award, but when the petition to reopen was filed the affidavits of three medical men were attached thereto. The testimony of two of these witnesses was before the Commission on the original hearing. The testimony of the third was merely cumulative. Furthermore there was no showing whatever that such evidence could not with reasonable diligence have been discovered and produced at the original hearing. We therefore believe that the respondent Commission properly denied the petition to reopen under section 20(d), for it has been said that the power of the Commission to reopen a cause under said section on the ground of newly discovered evidence "should be exercised with great caution . . . Otherwise the process of introducing evidence before the Commission would be interminable and the Commission might be held to abuse its discretion in the exercise of its power under section 20(d)". (*Ingram* v. *Department of Industrial Relations,* 208 Cal. 633, 637 [284 Pac. 212, 214].)

The orders sought to be annulled are affirmed.

Sturtevant, J., and Goodell, J., *pro tem.,* concurred.