[Civ. No. 6139. Third Appellate District.—December 7, 1938.]

JOHN FAHEY, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

A. J. Harder and J. L. Missell for Petitioner.

Everett A. Corten for Respondents.

PULLEN, P. J.—By this writ petitioner seeks to review and annul the findings and award of the Industrial Accident Commission wherein petitioner was awarded compensation to be paid by the Francis Mine Syndicate as the result of an industrial disease sustained while employed by the syndicate, one of the respondents herein, but the commission discharged from liability certain other mining companies because of the statute of limitations.

Petitioner, for twenty years, had been a miner by occupation, and while so engaged had contracted silicosis. Of the twenty years' employment only 3⅓ years had been in California. The defense of the statute of limitations was interposed as to certain defendants, which defense was sustained by the commission, and it is to that portion of the award this writ is directed.

The commission determined that the injury suffered by petitioner was as of December 31, 1936, and under the provisions of section 11 of the Workmen's Compensation Act (Deering's Gen. Laws 1931, Act 4749 [Labor Code, sec. 5405]), claim for the allowance of disability or other benefits must be filed within six months from the date of the injury, otherwise the action is barred.

The record discloses that on May 14, 1937, the commission received a letter of inquiry from John Fahey, wherein he stated he had developed lung trouble from working in the mines and asked that a compensation application blank be sent to him. Within a few days this request was complied with, and he was also informed that he should include as defendants, all past employers for whom he had worked, their insurance carriers, if known, where he had been exposed to dust, which could have contributed to his condition. In answer to this letter Fahey, on May 28th, replied that in October, 1935, his lungs had been X-rayed and were then found to be in a healthy condition, and further stated that in October, 1933, he was employed in Big Canyon Mine, and later had worked for the Keystone Mine Syndicate and Francis Mine Syndicate. However, the claim when presented, contained only the name of Francis Mine Syndicate as an

employer. This application was dated May 27, 1937. Thereafter the commission again wrote to Mr. Fahey under date of June 17th, stating his application had been filed as of June 1, 1937, and again admonished him to write immediately and let them have a full list of all the mines for which he had worked, both within and without the state of California. On June 29th, Mr. Fahey forwarded a list naming some 13 or 14 mines, both within and without the state of California, for whom he had worked. Thereupon the referee ordered that the California mines be joined as parties defendant in the application, which order was, on July 7th, approved and ratified by the commission.

■ It is one of the contentions of counsel for the petitioner that on June 1st, he mailed to the commission an additional or amended application setting forth all of the names of the employers for whom petitioner worked as a miner, but the records and files of the commission do not show that such application was ever received. The record of the commission, showing an absence of any such application, must therefore be conclusively presumed to be correct. " . . . Every court must be the guardian of its own records; and their correctness must be conclusively assumed in this court." (*Clark* v. *Crane*, 57 Cal. 629.)

■ December 31, 1936, having been fixed by the commission as the date of liability, July 1, 1936, would have been the date after which actions against others than those named would be barred. It is to be noted that the order of the commission making various parties defendants was dated July 7, 1937. Although the letter containing a list of all the employing mines was dated June 29, 1937, such a list cannot be deemed an amendment to the petition for the reason that Fahey therein specifically objected to the making of these parties defendants, stating in his letter of June 29th: "I don't see why all these should be made defendants, Mr. Lane, as an X-ray in October, 1935, showed my lungs to be in perfect condition."

We believe the commission was correct in holding that the employee's claim against the subsequently joined parties was barred.

For that reason the award is affirmed. It is so ordered.

Thompson, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 31, 1938, and an application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 2, 1939.