[S. F. No. 17134. In Bank. Apr. 20, 1945.]

STATE COMPENSATION INSURANCE FUND, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, R. E. RODGERS et al., Respondents.

Donald Gallagher and Edmund J. Thomas, Jr., for Petitioner.

Everett A. Corten, Dan Murphy, Jr., and Floyd S. Sisk for Respondents.

SHENK, J.—Petitioner seeks the annulment of an award of compensation against it as the insurer of Carrico & Gautier found to be the general employer of the injured workman. The award also runs against the insurer of a company found to be the special employer. Petitioner contends that the evidence is insufficient to establish the general employment; that it was improperly joined as a party defendant; and that

the claim, as to it, is barred by the statute of limitations. (Lab. Code, § 5405.)

Carrico & Gautier, hereinafter called Carrico, the petitioner's insured, had a general contract to erect a warehouse at Marinship, Sausalito. Among several subcontractors was Arch Rib Truss Company, hereinafter called the Arch Company. In the construction of the warehouse Carrico erected uprights and put in crossbeams, and the Arch Company then furnished trusses and the labor for placing them. Carrico and the Arch Company shared an office at Marinship and the employees of each wore identification badges issued by the shipyard bearing the name of Carrico.

Carrico rented a crane and oral arrangements were made for the Arch Company to share in its use. The same crew operated the crane for both. If uprights were to be moved, the crew moved them for Carrico; if arches, it moved them for the Arch Company. Accurate records were kept of the time the crane and crew were used by each, and the crew was paid separately and proportionally by each. The rental charges were also apportioned.

R. E. Rodgers, the employee claimant, applied for a job through his union and was told to report at Carrico's shipyard office. He reported on May 26, 1942, and was conducted to the foreman of the Arch Company for an interview. The foreman instructed him to report for work the next day, and he was placed in the crane crew. Rodgers testified: "We were working seven days a week but I didn't work on Sunday. I didn't know I was supposed to work. In fact, the timekeeper for Carrico & Gautier told me we weren't supposed to work on Sunday, and when I came back on Monday morning the Arch Rib Truss foreman said we should have worked." He also stated that when the crane was used for uprights the crew worked under a Carrico foreman, and that when it was used for trusses, they worked under an Arch Company foreman.

After about eight days of employment, and on June 4, 1942, while the crane was being used by the Arch Company, a defective prop caused an arch truss to slide down across the shoulders and back of the employee, severely injuring him. First aid was rendered at the shipyard and he was then taken to St. Mary's Hospital which was designated by petitioner, as the insurer of Carrico, for the latter's employees. There

he received both medical and surgical treatment. His accrued wages were paid separately by Carrico and the Arch Company according to the time the crane was used by each during his hours of employment. On the day after the accident one of the members of the Carrico firm notified petitioner that the injured man was not a Carrico employee.

After a stay of about a week at St. Mary's Hospital, the employee was moved to the hospital designated by the insurer of the Arch Company and treatment was thereafter given by the physicians named by that company, which also paid compensation to January 21, 1943. On January 12, 1943, the employee filed an application for adjustment of his claim against the Arch Company and its insurer. When the matter came on for hearing before the commission, the Arch Company's insurer asked that Carrico and its insurer be joined as parties defendant. On February 26, 1943, an order was made accordingly.

The commission found Carrico to be the general employer and the Arch Company the special employer of the workman at the time of the injury. It expressly found that the claim against petitioner, as insurer of Carrico, was not barred by the statute of limitations, and rendered a permanent disability award against both insurers.

An application for a rehearing was denied, and this proceeding followed.

■ Petitioner challenges the sufficiency of the evidence to support the finding of general employment. At most, petitioner claims, it shows a concurrent employment under which the employee worked separately and solely for each company during the hours the crane was used by each, there being no exercise of joint control at any time. We are of the opinion that the evidence is reasonably susceptible to the inference of general employment by Carrico, and is therefore sufficient to support the commission's findings and conclusion. The manner of hiring, the wearing of the Carrico badge, the assignment of hours and place of work, the renting of the crane, the arrangement for its use, the general provision for first aid, and other factors all indicate a right in Carrico to control the workmen with relation to the project. ■ To establish a general employment it is only necessary that there be present the right to control, as distinguished from the exercise of the right, and where two employers jointly inter-

ested in the project exert some measure of control, both are liable for compensation benefits.

Reaffirming this rule in a recent case this court said: "It is not only the actual exercise of control, but the right or potential power of control which is important in determining the status of one as an employer. . . . [A] general and special employer relationship is present if there exists in each some power, not necessarily complete, of direction and control, and . . . whether there is such power of control is a question of fact. . . ." (*National Auto. Ins. Co.* v. *Industrial Acc. Com.*, 23 Cal.2d 215, 219 [143 P.2d 481], and cases there cited.) Applying that rule to the facts in the present proceeding the commission's conclusion may not be disturbed.

■ Petitioner contends that the commission was without power to join it as a party defendant at the request of the other defendant insurer. Relying on the general rule that new parties may be brought in only when their presence is necessary to a full determination of the rights of the parties before the court touching the matter in litigation (*Lewis* v. *Fox*, 122 Cal. 244, 250 [54 P. 823]; *Alpers* v. *Bliss*, 145 Cal. 565, 571 [79 P. 171]; 20 Cal.Jur. § 34, p. 536), the petitioner argues that its joinder as a party defendant was not necessary to a full and complete determination of the controversy between the parties then before the commission, for the employee in any event would have received his full award from the other employer. The Labor Code, section 5307, empowers the commission to "(a) Adopt reasonable and proper rules of practice and procedure. . . . (d) Provide for the joinder in the same proceeding of all persons interested therein, whether as employer, insurer, employee, dependent, creditor, or otherwise. . . ." Under this authorization the commission has the power on its own motion or on the application of any party before it to order the joinder as a defendant of any party against whom the employee may make claim for compensation. The case of *State Comp. Ins. Fund* v. *Industrial Acc. Com.*, 20 Cal.2d 264 [125 P.2d 42], relied upon by petitioner, is authority only for the proposition that the commission is without jurisdiction to adjudicate a supplemental controversy involving rights of contribution and reimbursement between two insurance carriers jointly and severally responsible for the payment of a compensation award. In the present case the commission did not undertake to determine rights of con-

tribution and reimbursement between the two defendant insurers based upon petitioner's contention that the policy issued by it to Carrico and premium payments thereon did not contemplate coverage for the employees of the Arch Company. In the cited case the distinction between the two types of controversy was discussed and this court gave full recognition to the exclusive jurisdiction of the commission to determine all issues relating to the enforcement of liability against insurance carriers for the payment of compensation to the employee and to make a joint and several award against general and special employers or their insurers.

The cases of *American M. Ins. Co.* v. *Industrial Acc. Com.,* 8 Cal.2d 585 [67 P.2d 103], and *Hartford A. & I. Co.* v. *Industrial Acc. Com.,* 8 Cal.2d 589 [67 P.2d 105], are to the same effect. Although the opinion in the latter case declares that "one employer cannot object if the injured employee does not proceed against a second employer who is jointly and severally liable with him," the statement is simply a prelude to the declaration that where both employers are brought before the commission and the award erroneously discharges one instead of making a joint and several award against both, "the rule should be different . . . since the relative rights of the employers may well be affected by a determination that only one of them is responsible for compensation to the employee." There is in those cases no declaration, or even implication, that the commission lacks power to join as parties defendant all those against whom an employee's claim for compensation may run. The implication is, if anything, that it is advisable to establish in the proceeding before the commission the liability of all employers and insurers to the employee, not only for the latter's protection but as a basis for settlement of any subsequent controversy between the defendants over rights of contribution and reimbursement. The broad powers of the commission in the joinder of parties have been upheld in *Industrial Ind. Exch.* v. *Industrial Acc. Com., ante,* p. 130 [156 P.2d 926], and *Independence Ind. Co.* v. *Industrial Acc. Com.,* 2 Cal.2d 397 [41 P.2d 320]. (See, also, 1 Campbell on Workmen's Compensation, § 1043, p. 912.)

The claim against petitioner is not barred by the statute of limitations. The Labor Code provides a period of limitation of "Six months from the date of injury, or from the date of the last payment of any compensation, or agree-

ment therefor, or the expiration of any period covered by such payment.'' (§ 5405(a).) The employee filed his claim against the special employer before compensation payments ceased, and petitioner was joined as a party defendant a few weeks later; hence, although the claim against petitioner was not made within six months from the date of injury, it was made well within that period after the last compensation payment.

Petitioner's argument is that since neither Carrico nor its insurer agreed to pay or did pay compensation benefits, the statute was not tolled as against those parties by the payments made by the insurer for the Arch Company, and that the fact that the employee decided to make a claim against the Arch Company and its insurer did not toll the statute as against other parties. In support of this position, petitioner again relies upon a general rule, namely, that the statute of limitations continues to run in favor of parties defendant until they are formally joined in an action. (*Sherman* v. *S. K. D. Oil Co.*, 185 Cal. 534, 548 [197 P. 799]; *Matteson* v. *Wagoner*, 147 Cal. 739, 746 [82 P. 436]; *Spaulding* v. *Howard*, 121 Cal. 194 [53 P. 563]; 16 Cal.Jur. § 142, p. 545; 34 Am. Jur. § 275, p. 223.) The statute enjoins a liberal construction to effect its purposes (§ 69a, Stats. 1917, p. 831; Lab. Code, § 3202). It is broad in terms and provides a period running from the last payment of *any* compensation (Lab. Code, § 5405(a), not from the last payment by the party sought to be joined. The language of the statute has been accorded a liberal construction in similar cases. (See *United States F. & G.* v. *Industrial Acc. Com.*, 195 Cal. 577 [234 P. 369]; *Bulger* v. *Industrial Acc. Com.*, 218 Cal. 716 [24 P.2d 796]; *London G. & A. Co.* v. *Industrial Acc. Com.*, 92 Cal.App. 298 [268 P. 670].) It must be so construed here. To do otherwise, and to enforce strictly the general rule in compensation proceedings would be against the policy of the compensation act and contrary to its spirit and intent. It would penalize the employer and the insurance carrier inclined to make payment, and favor the employer and insurer inclined to avoid the performance of an obligation. In fact, it would tend to influence all employers and insurance carriers to refuse voluntary payment of benefits in cases where there is a joint liability.

The cases of *Ingram* v. *Dept. of Ind. Relations*, 208 Cal. 633 [284 P. 212], and *Fahey* v. *Industrial Acc. Com.*, 29 Cal. App.2d 570 [84 P.2d 1075], relied on by the petitioner, are not in point. In the Ingram case the employee was injured

on April 27, 1926. He filed a claim against one employer on June 9th, 1926, within the six months' period of limitation. An award was made, but was subsequently set aside. Additional hearings were had, during which it was urged that another party defendant should be brought in. An order of joinder was made on September 29, 1927, nearly seventeen months after the injury or a year after expiration of the statutory period. No voluntary payments had been made by anyone and the alternative provision of the limitation section (starting the time from the last payment) was not called into operation. It was held that the claim was barred. In the present case the factual situation is different, for the claim against the new party was filed within the period during which the statute was tolled, that is, within six months from the last payment of compensation.

The Fahey case presents a factual situation comparable with that of the Ingram case. There the employee was fully advised by the commission of his rights and was urged to name all employers for whom he had worked, but he failed to file against several of them within six months from the date upon which he was found to have sustained the industrial injury. It was held that as against parties subsequently sought to be joined the claim was barred.

The rule relied on by the petitioner is based on the holdings in the Ingram and Fahey cases and is not applicable where as here the claim is made and the new party is brought in within six months after the last voluntary payment of compensation to the employee.

The award is affirmed.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Peters, J. pro tem., concurred.