[Civ. No. 15155. Second Dist., Div. Two. Feb. 25, 1946.]

STATE COMPENSATION INSURANCE FUND, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, ESTALL NEIL DEAN et al., Respondents.

Donald Gallagher, Richard Barry and Ira Ratner for Petitioner.

R. C. McKellips, Fred G. Goldsworthy and Charles W. Bowers for Respondents.

WILSON, J.—Estall Neil Dean was in the employ of Signal Oil and Gas Company, hereinafter referred to as Signal. An oil well owned by Capital Company became obstructed and said company contracted with Signal to clear the obstruction and Signal sent a crew in charge of Dean to work on the well. He was injured on January 23, 1943, while engaged in the work. Respondent Industrial Indemnity Exchange, hereinafter referred to as Exchange, was the insurance carrier for Signal and petitioner was the insurance carrier for Capital Company. Dean filed an application for adjustment of his claim with respondent commission on January 20, 1944. The commission issued an order on March 20, 1944, joining petitioner in the proceedings. At the hearing before the commission petitioner and Capital Company raised the defense of the statute of limitations based upon the fact that Dean's application was filed eleven months and twenty-eight days after the date of his injury, and that neither petitioner nor Capital Company had furnished or agreed to furnish medical treatment or compensation. It was stipulated between Dean and Exchange that the latter, as insurance carrier for Signal, had paid Dean temporary disability indemnity and had furnished all medical treatment. Dean testified that neither petitioner nor Capital Company had furnished or agreed to furnish medical treatment or had paid or agreed to pay him any compensation.

On July 18, 1944, the commission issued its findings and award wherein it was found that Dean, while generally employed by Signal and specially employed by Capital Company, sustained injury causing temporary total disability during several intermittent periods between the date of injury and February 1, 1944. It was further found that Dean's claim as to Capital Company and petitioner, its insurance carrier, was barred by the statute of limitations and that there was no liability on behalf of petitioner for medical treatment. The commission made an award in favor of Dean against Exchange for the periods during which he was unable to work between the date of his injury and February 1, 1944, and dismissed the proceedings as to Capital Company and petitioner.

Exchange filed a petition for rehearing which was granted by the commission, and on January 5, 1945, the decision on rehearing was issued affirming the findings and award made on July 18, 1944. No petition having been filed by Signal or Exchange for a review by the court of the commission's decision, its last order became final on January 25, 1945.

On April 20, 1945, the Supreme Court rendered a decision in *State Compensation Insurance Fund* v. *Industrial Acc. Com.*, 26 Cal.2d 278 [158 P.2d 195], holding that in the circumstances there existing a contractor was a general employer of an injured workman, although the crew in which he had been placed was working for a subcontractor at the time of the injury and the employee worked alternately for each employer and there was no exercise of joint control at any time. The decision further held that the fact that the injured employee made a claim against a special employer and its insurer did not bar a claim against the insurer of the general emloyer, where it was brought into the proceedings as a party defendant within six months after the last compensation payment had been made by the special employer's insurance carrier. Based on the interpretation of the law in said decision, Exchange filed a petition with the commission on June 1, 1945, to reopen the proceedings, claiming that the decision of the commission was contrary to law in that the commission had found that Dean's claim against Capital Company and petitioner was barred by the statute of limitations.

The commission issued a notice of intention to amend its findings of July 18, 1944, in response to which petitioner filed an answer alleging that the commission was without jurisdiction to reopen the case or to reverse the previous decision that

had already become final, or to enter an award against petitioner. On July 6, 1945, the commission issued an order granting the petition to reopen and amend its findings by declaring that Dean's claim as to Capital Company and its insurance carrier, petitioner herein, was not barred by the statute of limitations, and thereupon entered an award for indemnity in favor of Dean against Exchange and petitioner, jointly and severally, for the same amounts previously awarded against Exchange alone, but held that petitioner was not liable for medical treatment.

Signal and Exchange filed a petition for rehearing complaining that the amended findings and award were incorrect in holding that no liability rested on petitioner for medical treatment to Dean. Petitioner also filed a petition for rehearing on the ground that the commission acted in excess of its powers for the reason that the findings and award of July 18, 1944, was a final adjudication that Dean's claim as to Capital Company and petitioner was barred by the statute of limitations, and that its award of said date dismissing petitioner was a final determination of its nonliability. The commission granted both petitions for rehearing, and on August 14, 1945, issued its notice of intention to submit the pending matters unless within seven days good cause to the contrary should be shown.

On September 19, 1945, the commission issued its decision on rehearing, in which it made the same findings as in its order of July 6, 1945, except that it found that there was a joint and several liability of petitioner and Exchange for medical treatment and made an award in favor of Dean against Exchange and petitioner, jointly and severally, for medical treatment as well as for compensation. This proceeding is to review the last mentioned order of the commission.

1. *The statute of limitations.* ▮ The order of the commission of July 18, 1944, holding that Dean's claim as to petitioner and Capital Company was barred by the statute of limitations, was based upon the fact that neither of them had made any payment of compensation, or an agreement therefor, within six months from the date of the injury (Lab. Code, § 5405(a)), and that Dean's application for adjustment of his claim was not filed until eleven months and twenty-eight days after the date of his injury. In so holding the commission relied on *Ingram* v. *Department of Industrial Relations,* 208 Cal. 633, 641 [284 P. 212], in which it was held that where

the injured employee, employed by two persons, filed his claim for compensation against one employer within the period provided by law and did not join the other party in the proceeding until after the expiration of the period, his claim as to the latter was barred and the filing of his claim against one employer did not toll the statute of limitations as to the other. (See, also, *Fahey* v. *Industrial Acc. Com.*, 29 Cal.App.2d 570, 572 [84 P.2d 1075].) In *State Compensation Ins. Fund* v. *Industrial Acc. Com.*, 26 Cal.2d 278, 285 [158 P.2d 195], the court discusses and distinguishes the Ingram and Fahey cases and holds that the statute of limitations runs from the last payment of *any* compensation and not from the last payment by the party sought to be joined in the proceedings. Payment of compensation having been made by Exchange to Dean, the defense of the statute of limitations is not available to petitioner and Capital Company.

2. *The power of the commission to grant a rehearing and to reopen the proceeding.* ▮ Section 5803 of the Labor Code provides that the commission has continuing jurisdiction over *all* its orders, decisions and awards, and at any time, good cause appearing therefor, upon notice and after an opportunity to be heard is given to the parties in interest, the commission may rescind, alter, or amend any such order, decision, or award; also that ''Such power includes the right to review, grant or regrant, diminish, increase or terminate, within the limits prescribed by this division, any compensation awarded, upon the grounds that the disability of the person in whose favor such award was made has either recurred, increased, diminished, or terminated.'' Section 5804 provides that no award of compensation shall be rescinded, altered, or amended after 245 weeks from the date of the injury, and section 5805 that any order, decision, or award rescinding, altering or amending a prior order, decision, or award shall have the effect of the original order, decision, or award. The order made by the commission on September 19, 1945, of which petitioner complains, was made within 245 weeks from the date of the injury. Petitioner contends that the decision on rehearing issued on January 5, 1945, was a final adjudication that Dean's claim as to Capital Company and petitioner was barred by the statute of limitations and that the commission was without power to reopen the proceedings in June, 1945, or to make its order of September 19, 1945, reversing its former decision and making an award against peti-

tioner. ■ In view of the statutory power given to the commission to alter or amend an order within 245 weeks from the date of the injury, an order cannot be said to be final until that period shall have expired. It has continuing jurisdiction over its decisions within said period and power to alter or amend an award if good cause appears therefor.

■ In *Georgia Casualty Co.* v. *Industrial Acc. Com.*, 177 Cal. 289, 293 [170 P. 625], it was held that by reason of the provisions of the Workmen's Compensation Act, as the same existed at that time, the power of the commission to amend or alter its orders and awards was limited to cases in which the injured employee's disability had either increased, diminished, or terminated, and that in altering or amending its order the commission was permitted to consider only such facts as arose subsequently to the making of such award. After the decision in the Georgia Casualty case the Workmen's Compensation Act was amended by including the language now found in sections 5803, 5804 and 5805 of the Labor Code.

In *Bartlett Hayward Co.* v. *Industrial Acc. Com.*, 203 Cal. 522 [265 P. 195], the question was whether the commission had power to reopen a proceeding after the award had become final by reason of failure to petition the court for a review. An employee had lost the sight of one eye but was thereby rendered totally blind due to the fact that he had previously lost the other eye. The commission made its award upon the basis of a 25 per cent permanent disability rating by reason of his loss of only one eye in the accident. No petition for a rehearing was filed and no application was made for a review by the court. Thereafter, in *Liptak* v. *Industrial Acc. Com.*, 200 Cal. 39 [251 P. 635], where the facts were identical with those above stated, the court held that the employee was entitled to a total disability rating, and directed the commission to make an award to him on that basis. Thereafter the injured employee whose rights were the subject of inquiry in the Bartlett Hayward case filed a petition with the commission for an amendment of its findings and award to conform to the holding in the Liptak case and to allow him a rating of 100 per cent disability. The commission found that good cause appeared therefor and amended its former finding in accord with the applicant's petition. The Bartlett Hayward Company and its insurance carrier, asserting that the previous order of the commission (no petition for a rehearing or for review having been filed)

had become final and constituted a final adjudication of the rights of the parties, and no new or further disabilities having been shown, contended that the commission was without power to increase the original award. Section 20(d) of the Workmen's Compensation Act then in force contained the same provisions as those now found in section 5803 of the Labor Code. The court held in the Bartlett Hayward case (p. 531) that the word "including" is not one of limitation but rather of enlargement and that the clause beginning "including the right" in the Workmen's Compensation Act (the same phraseology is found in section 5803 of the Labor Code) was not a limitation upon the larger and more general power granted by that portion of the statute which conferred "continuing jurisdiction" upon the commission to alter or amend an award; that such jurisdiction was not limited to the consideration of changes in the physical condition of the injured employee but extended to the right to alter or amend its award upon good cause appearing therefor; and that the mistake or inadvertence of the commission in making its first award on a basis lower than that to which the injured employee was entitled constituted good cause.

By reason of the law as declared in the Bartlett Hayward case, *supra,* and in *State Compensation Insurance Fund* v. *Industrial Acc. Com.,* 26 Cal.2d 278, *supra,* we conclude that the commission was not acting beyond its jurisdiction in granting the rehearing and in making the award jointly and severally against petitioner and Exchange in lieu of the previous award against the latter alone.

The rule in the Bartlett Hayward case has not been, as asserted by petitioner, overruled or limited. In *United Dredging Co.* v. *Industrial Acc. Com.,* 208 Cal. 705 [284 P. 922], the facts were these: An award of a death benefit had been made to the widow of the employee who had been drowned in the navigable waters of San Francisco Bay while in the employ of the dredging company. The employer and its insurance carrier claimed that because the employee had been drowned in navigable waters the Industrial Accident Commission was without jurisdiction, and that the widow's claim for indemnity should have been asserted under the federal maritime law. The award was affirmed by the District Court of Appeal. (*United Dredging Co.* v. *Industrial Acc. Com.,* 92 Cal.App. 110 [267 P. 763].) The court relied upon previous decisions of the Supreme Court, among them

*London Guarantee & Acc. Co.* v. *Industrial Acc. Com.*, 203 Cal. 676 [265 P. 825]. Thereafter that case was reversed by the United States Supreme Court. (*London Guarantee & Acc. Co.* v. *Industrial Acc. Com.*, 279 U.S. 109 [49 S.Ct. 296, 73 L.Ed. 632].) After the latter decision had been rendered United Dredging Company and its insurance carrier petitioned the Industrial Accident Commission to reopen the proceeding and to annul its award on the grounds that the commission had been in error in making the award and that the decision of the United States Supreme Court confirmed the claim originally made before the commission that the latter was without jurisdiction of accidents occurring in navigable waters. The petition to reopen was denied by the commission. Upon review of said order the Supreme Court said that principles of law necessarily involved and decided by appellate courts are binding upon the lower courts in future proceedings in the same case, and, upon a later appeal, the appellate court will regard the prior decision as the law of the case and will not inquire into its correctness. The previous affirmance of the award by the District Court of Appeal was declared to be the law of the case, binding on the commission, and for that reason the order refusing to reopen the proceeding was affirmed. (*United Dredging Co.* v. *Industrial Acc. Com.*, 208 Cal. 705, 712 [284 P. 922].)

Petitioner also relies on *Mantyla* v. *Industrial Acc. Com.*, 130 Cal.App. 139 [19 P.2d 799]. In that case the applicants, whose claim had been rejected by the commission on the ground that the evidence did not show that the applicants had been injured in the course of employment, applied for a rehearing upon the grounds: (1) That the evidence before the commission did not justify the findings, and (2) that applicants had discovered new and further evidence which, with reasonable diligence, could not have been produced at the hearing. As to the first ground the court held that it was one which might have been considered on a review of the original award by the court, which had not been sought by the applicants, and, as to the second, that there was no showing that the alleged newly discovered evidence could not, with reasonable diligence, have been produced at the hearing. In *Merritt-Chapman & Scott Corp.* v. *Industrial Acc. Com.*, 6 Cal.2d 314 [57 P.2d 501], the court annulled an order of the commission setting aside its previous order and granting the injured employee an increased award for permanent

disability. In that case the court, after a review of the proceedings before the commission, held that "good cause" means that some good ground must exist that was not within the knowledge of the commission at the time of making the former award, which renders the original award inequitable, that a mere change of opinion by the commission was not sufficient justification for amending the award, and that the so-called newly discovered evidence was not shown to have been unavailable to the applicants at the first hearing. The court further pointed out that "good cause" upon which the award was amended in the Bartlett Hayward case consisted of a decision of an appellate court which disclosed the error of a ruling for disability rating that had previously been applied by the commission. The Merritt-Chapman case does not overrule the Bartlett Hayward case, but refers to it as "the leading case" defining the power of the commission to reopen proceedings and to alter or amend its awards. There is no implication in *Young* v. *Industrial Acc. Com.*, 63 Cal. App.2d 286 [146 P.2d 693], that the Bartlett Hayward case was overruled by the Merritt-Chapman case. The opinion in the Young case goes no further than to suggest an inference that the Merritt-Chapman case may be understood as applying only in cases where the commission is asked to change its opinion as to a finding of fact.

*Bartlett Hayward Co.* v. *Industrial Acc. Com.*, 203 Cal. 522, *supra,* not having been overruled or modified, the rules of law laid down therein and in *State Compensation Insurance Fund* v. *Industrial Acc. Com.*, 26 Cal.2d 278, *supra,* that it was within the jurisdiction of the commission to reopen a proceeding and to make an award different from that which it had previously made, are controlling here.

3. *Did "good cause" exist for the reopening of the proceeding?* ▇▇ By section 5803 of the Labor Code the commission has continuing jurisdiction over its orders and awards and may rescind, alter, or amend the same, "good cause appearing therefor." The power of the commission to alter an award "may not be predicated upon a mere change of opinion by the commission as to the correctness of its original decision." (*Merritt-Chapman & Scott Corp.* v. *Industrial Acc. Com.*, 6 Cal.2d 314, 316 [57 P.2d 501].) The jurisdiction of the commission to act in the instant proceeding is not restricted by any of the cases cited in this opinion. The com-

mission did not change its opinion. In its previous order it construed the law according to the views of its members, but its construction was erroneous, as shown by a subsequent decision of the court. Its amended order and award were made to accord with the views of the court whose construction of the law superseded that of the commission. Nor was the law changed by the decision of the court. The rule announced was already the law but had not been declared by the court. occasion therefor not having previously arisen.

■■■■ Petitioner asserts that good cause is not shown in the instant proceeding for the reason that the amount of the original award is not claimed to have been inequitable as to Dean, the injured employee, and that the commission acted outside its jurisdiction in granting the petition of the insurance carrier of the general employer, against which the original award was made, and in making a joint and several award against said carrier and the insurance carrier of the special employer.

There is nothing in the statute that so limits the power of the commission. The instant proceeding is one of those contemplated in *Bartlett Hayward Co.* v. *Industrial Acc. Com.,* 203 Cal. 522, 540 [265 P. 195], wherein it was prophesied that the commission would be called upon in many cases by the employer and the insurance carrier as well as by the employee to alter, amend, or rescind an award by reason of a mistake or on other grounds recognized by law, as the justice of the case might require. The court further said that the recognition of the continuing jurisdiction of the commission for the full period provided by law would make for the final adjustment of controversies by the tribunal established by the people of the state for that particular purpose, in harmony with the spirit and purpose of the Workmen's Compensation Act.

The other cases relied on by petitioner are not in point. One case holds that a proceeding cannot be reopened on the petition of the injured employee where he had failed to apply for a rehearing within the period allowed by law and where he raised no issue that could not have been presented on a rehearing of the award (*Young* v. *Industrial Acc. Com.,* 63 Cal.App.2d 286, 290 [146 P.2d 693]) ; in another it is declared that where an alleged error of the commission in construing the evidence could be corrected on a review of the proceedings by the court and timely application is not made therefor a petition to reopen the proceedings before the commission

should be denied. (*Mantyla* v. *Industrial Acc. Com.*, 130 Cal. App. 139, 140 [19 P.2d 799].)

The statute does not contemplate that "good cause" or the equities must exist only in favor of the employee. There is nothing in the statute or in the cases that have been called to our attention indicating an intention that equities in favor of the employer and its insurance carrier should be ignored by the commission. In *Ocean Acc. & Guar. Corp.* v. *Industrial Acc. Com.*, 12 Cal.2d 116 [82 P.2d 603], the injured employee filed his application for compensation against his employer and did not name the insurance carrier. The employer did not file an answer and after a hearing the commission made an award against him. Judgment was rendered against the employer and an execution thereon was levied on his bank account. Thereafter, upon petition of the employer the commission joined the insurance carrier as a defendant and amended its award to include the latter. The order was annulled. The court held that the employee was fully secured by reason of the levy of the execution and that good cause was not shown for amending the award. The court said (p. 120) : "All of the equities are in favor of the insurer who had no notice of the injury or of the application for compensation until long after the award became final." In the Merritt-Chapman and Mantyla cases, *supra,* the petitions to reopen the proceedings before the commission were filed by the injured employees and in each case the court held, for reasons previously outlined in this opinion, that "good cause" for reopening had not been shown.

 The statute is for the benefit of employees and should be liberally construed to the end that they be given all the security afforded by the statute for their indemnity. Equities between employers and their insurance carriers should not be permitted to diminish the remedy of the employee. (*American Motorists Ins. Co.* v. *Industrial Acc. Com.*, 8 Cal.2d 585, 588 [67 P.2d 103].) Where both employers are brought before the commission and the award discharges one instead of making a joint and several award against both, the employer or the insurance carrier against which the award was made may, by petition for review, raise the issue and object to the discharge of the other insurance carrier. (*Hartford Acc. & Ind. Co.* v. *Industrial Acc. Com.*, 8 Cal.2d 589, 591 [67 P.2d 105].)

4. *The failure of the commission to hold a formal hearing*

*on the petition to reopen was not jurisdictional.* Petitioner asserts that it was deprived of an opportunity to be heard and also denied due process in violation of section 13 of article I of the Constitution of California and of the Fourteenth Amendment to the Constitution of the United States by reason of the fact that after the commission had granted Exchange's petition for rehearing and had reopened the proceedings the commission did not set a date for hearing and did not conduct a formal hearing upon the petition and petitioner's answer thereto.

Section 5803 of the Labor Code authorizes the reopening of proceedings "upon notice and after an opportunity to be heard is given to the parties in interest." Upon the filing on June 1, 1945, of the petition of Exchange to reopen, the commission issued a notice of intention reciting that unless good cause to the contrary should be shown within seven days from the date of the notice it would amend its previous findings and award by finding that Dean's claim was not barred against Capital Company and its insurance carrier, and would further amend its findings and award by making an award against Exchange and petitioner, jointly and severally. Thereupon petitioner filed its answer urging that the commission was without jurisdiction to reopen the case or to reverse its previous decision, that was alleged to have become final, or to enter an award against petitioner. The commission then issued its order granting the petition for rehearing. Thereafter the commission issued its notice to all parties stating that unless good cause to the contrary should be shown in writing within seven days from the date of the notice the matter would be submitted upon the record "as it now stands." Petitioner did not file any response to said notice and by neglecting so to do failed to show any cause why the proceeding should not be submitted as recited in the notice.

The petition for rehearing raised issues of law and not of fact and did not require an examination of the facts other than that which had been had before the commission in its previous hearings. The objection is disposed of by *Massachusetts Bonding & Ins. Co.* v. *Industrial Acc. Com.,* 176 Cal. 488 [168 P. 1050], where, after the original award to the injured employee had been paid in full, he applied to the commission for an additional allowance on account of a permanent disability rating. The commission served on the insurance carrier a notice stating that unless good cause to the con-

trary were shown the previous finding and award would be amended so as to provide for a further allowance. The insurance company filed its answer objecting to the proposed amendment. Without conducting a further hearing the commission made the additional award petitioned for by the employee. The insurance company's claim that the commission was without jurisdiction to make the last award for the reason that the notice did not fix a time for hearing was answered by the court in the following language (p. 491), which also answers petitioner's objection in the instant case: "Any notice or method of procedure which does not transgress the constitutional mandate regarding due process of law, or the provisions of the act itself, is within the power of the commission. It is not obliged to follow the methods in use in the ordinary courts of the land. The method here provided gave the parties interested an opportunity to make such objection and opposition before the commission to the proposed amendment as they desired. So far as we can perceive it is not open to any objection on constitutional grounds. The act provides that such awards may be amended 'if opportunity to be heard is given.' This method afforded such opportunity, and does not contravene the provisions of the act in that regard."

5. *The right of contribution and reimbursement is not involved in the commission's order.* ■ The order under review declaring petitioner and Exchange jointly and severally liable contains a finding that Exchange is entitled to credit for all sums previously paid by it as disability indemnity. The commission is a tribunal of limited jurisdiction, its powers being only those conferred on it by section 21 of article XX of the Constitution and the Labor Code, and it is without power "to adjudicate a supplementary controversy involving rights of contribution and reimbursement between two insurance carriers jointly and severally responsible for a compensation award." (*State Comp. Ins. Fund* v. *Industrial Acc. Com.*, 20 Cal.2d 264, 266 [125 P.2d 42].) In that case no question was raised as to the joint and several liability of the insurance carriers but after the award had become final a petition was filed with the commission for a supplemental adjustment of obligations between the insurance carriers, the application having been made by reason of the fact that one carrier had received all the insurance premiums based on the employee's earnings and the other carrier had received none. The commission being without power to determine the question its order refusing to assume jurisdiction was sustained.

The order now under review does not purport to determine the respective rights of petitioner and Exchange as to contribution or reimbursement, if there be such rights (concerning which we intimate no opinion), by reason of the joint and several liability imposed upon them by the award. It goes no further than to grant compensation to Dean against the two insurance carriers, jointly and severally, and in so doing the commission acted within its jurisdiction. (*State Compensation Insurance Fund* v. *Industrial Acc. Com.*, 26 Cal.2d 278, 283 [158 P.2d 195].) Exchange had paid the entire disability indemnity prior to the final order of the commission that for the first time directed petitioner to unite in payment of indemnity to Dean. The finding did not purport to adjust the final liability of either of the insurance carriers. Petitioner's liability was determined not by the initiative of the commission but by the law as pronounced by the Supreme Court, by reason of which it inevitably follows that its liability began at the date of Dean's injury and not at the date of the commission's order. If the order had failed to allow credit to Exchange for the amounts that it had already paid, petitioner would have been absolved from the payment of any of the indemnity for the period previous to the making of the order. To have permitted it to escape payment of its share of the amounts lawfully payable to Dean from the date of his injury would have effected an unlawful and inequitable consequence.

The award is affirmed.

Moore, P. J., and McComb, J., concurred.