[Civ. No. 9195. Third Dist. Oct. 25, 1957.]

ARGONAUT INSURANCE EXCHANGE, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and POLLY ANN EASTERLING et al., Respondents.

[Civ. No. 9197. Third Dist. Oct. 25, 1957.]

TRUCK INSURANCE EXCHANGE, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and POLLY ANN EASTERLING et al., Respondents.

Leonard, Hanna & Brophy, Herbert C. Jensen and Edmund D. Leonard for Petitioner in Civ. No. 9195.

Mullen & Filippi and W. N. Mullen for Petitioner in Civ. No. 9197.

Everett A. Corten and Daniel C. Murphy for Respondents.

WARNE, J. pro tem.*—Truck Insurance Exchange, the insurer for the Riley Trucking Company, and Argonaut Insurance Exchange, the insurer for the S. E. Thompson Lumber Company, by separate petitions, seek review of an award of the Industrial Accident Commission by which the insurance companies were ordered to pay compensation to the surviving wife of the deceased employee, Clayton Easterling, and to his surviving children, for his death.

On December 2, 1955, the S. E. Thompson Lumber Company entered into an agreement with the Riley Trucking Company to lease certain equipment, a Lorain power shovel and some trucks, owned by Riley Trucking Company. The equipment was to be used for "rocking" certain logging roads at the site of a lumber operation of the S. E. Thompson Lumber Company. The latter company agreed to pay rent for the use of the equipment. Riley Trucking Company agreed to maintain the equipment. The agreement provided that the S. E. Thompson Lumber Company would carry the drivers and operators of the equipment on their payroll and pay all wages.

Pursuant to the agreement the equipment was furnished and work began. On the night of December 5, 1955, Clayton Easterling was driving one of the trucks from the camp site to the nearest town and was killed when the truck he was operating ran off the road and plunged into a ravine.

A claim for compensation was filed. The first decision of the Industrial Accident Commission was that the S. E. Thompson Lumber Company was the sole employer. The Riley Trucking Company and its insurer, Truck Insurance Exchange, were dismissed. Argonaut Insurance Company asked

---

*Assigned by Chairman of Judicial Council.

for, and was granted, reconsideration. The decision, after reconsideration, was that Riley Trucking Company was the sole employer, and S. E. Thompson Lumber Company and its insurer, Argonaut Insurance Exchange, were dismissed. Truck Insurance Exchange then asked for reconsideration, which was granted, and the third decision of the Industrial Accident Commission was that a general and special employment existed and both employers and their insurers were held liable for compensation. Both insurers seek an annulment of the order.

■ Truck Insurance Exchange claims that the finding that the Riley Trucking Company was the general employer is unsupported by the evidence. It contends that the evidence discloses that the S. E. Thompson Lumber Company was the sole employer. The evidence shows that Clayton Easterling, the deceased, had worked for Riley Trucking Company prior to the time of the Riley Trucking Company's agreement with the S. E. Thompson Lumber Company. Charles W. Riley, owner of the Riley Trucking Company, testified that he told Easterling that he had rented the trucks and if Easterling cared to go over and drive there was a job open. Apparently, the Riley Trucking Company produced all the drivers who operated the trucks for the S. E. Thompson Lumber Company. One John Evans, who did the maintenance on the equipment which was a responsibility of Riley Trucking Company, was paid for that work by the Riley Trucking Company, and the work he did in driving was paid for by S. E. Thompson Lumber Company. Two drivers testified that Evans was the foreman in charge. Mr. Stewart E. Thompson, who operated the S. E. Thompson Lumber Company, testified that he had no authority to hire or fire the drivers sent up by the Riley Trucking Company. This is substantial evidence from which the Industrial Accident Commission could infer that the Riley Trucking Company still maintained some control over the drivers who operated the equipment leased to the S. E. Thompson Lumber Company. ■ Where both the general and special employer exert some measure of control, both are liable. (*National Automobile Ins. Co.* v. *Industrial Acc. Com.*, 23 Cal.2d 215 [143 P.2d 481].)

To substantiate its claim that the Riley Trucking Company had relinquished all control, Truck Insurance Exchange points out that S. E. Thompson Lumber Company paid the wages, "did take W-2's [forms] to notice the number of dependents he had," and "had him sign an employment card." Reliance is also placed on the testimony of Mr. Riley

that he told the drivers that the trucks were leased and "they were going to be on S. E. Thompson Lumber Company payroll and that they had facilities for them to live there and they were to pay $4.00 a day for their room and board." However, this evidence merely raised a conflict as far as showing general employment by Riley Trucking Company which was a matter for the Industrial Accident Commission to resolve.

Truck Insurance Exchange does not challenge the finding that the accident arose out of and in the course of employment. ▮ There is evidence that part of the purpose of the trip to Denny was to pick up some oil and parts for the repair of the trucks which would be a job for the benefit of the Riley Trucking Company and was of no direct concern to the S. E. Thompson Lumber Company.

As far as Riley Trucking Company is concerned, the finding that the accident arose out of and was in the course of general employment is fully supported by the evidence. The third point raised by Truck Insurance Exchange is that if a general and special employment existed the liability was solely that of the S. E. Thompson Lumber Company and its insurer, Argonaut Insurance Exchange. ▮ Truck Insurance Exchange relies on Insurance Code, section 11663, which reads:

"As between insurers of general and special employers, one which insures the liability of the general employer is liable for the entire cost of the compensation payable on account of injury occurring in the course of and arising out of general and special employments unless the special employer had the employee on his pay roll at the time of injury, in which case the insurer of the special employer is solely liable."

We believe that this statute applies only between the insurers and will not affect the injured employees' rights against the employers. ▮ The statute does not purport to abrogate the rule that where both the general and special employer exercised some measure of control both are liable. ▮ In any event, the section does not, nor could it, require the special employer to pay the compensation when the injury does not arise in the course of and out of the general and special employment.

We will now consider the petition of the Argonaut Insurance Exchange, the insurer for the S. E. Thompson Lumber Company.

Argonaut Insurance Exchange claims that Easterling, the

deceased employee, was not a special employee of the S. E. Thompson Lumber Company. Larson in his work on Workmen's Compensation Law (vol. 1, p. 710, § 48.00), states that three conditions must be met before a special employer can be held liable for the injury of a special employee. They are: "When a general employer lends an employee to a special employer, the special employer becomes liable for workmen's compensation only if (a) the employee has made a contract of hire, express or implied, with the special employer; (b) the work being done is essentially that of the special employer; and (c) the special employer has the right to control the details of the work."

 In the instant matter there is evidence of a lent employee. The employees had worked for Riley Trucking Company prior to the time they were employed by S. E. Thompson Lumber Company. Mr. Riley told his employees that they were to be on S. E. Thompson Lumber Company's payroll. There was evidence of a contract of employment. Mr. Easterling signed an employment card with the S. E. Thompson Lumber Company. The only check for Easterling's wages (which was delivered to Mrs. Easterling after his death) was drawn on the S. E. Thompson Lumber Company's account. S. E. Thompson Lumber Company, the special employer, exercised some control over the details of the work for there was testimony that the truck drivers were told by one of the S. E. Thompson Lumber Company's employees and by Mr. Thompson where to spread the rock. It is also apparent that the work of placing and spreading the rock was essentially for the sole benefit of the S. E. Thompson Lumber Company and that it had the right to control that part of the work being done. The right to control or the exercise of control may show a special employment. (*Guarantee Ins. Co.* v. *Industrial Acc. Com.*, 22 Cal.2d 516, 519 [139 P.2d 905]; *Industrial Indem. Exchange* v. *Industrial Acc. Com.*, 26 Cal.2d 130, 137-138 [156 P.2d 926]; *State Comp. Ins. Fund* v. *Industrial Acc. Com.*, 26 Cal.2d 278, 281-282 [158 P.2d 195].)

 Applying this rule it is apparent that the record substantially supports a holding that a general and special employer relationship existed between the Riley Trucking Company and the S. E. Thompson Lumber Company concerning the deceased insofar as it related to the "rocking" of the road. However, at the time of the accident, it does not appear that the work then being done by Easterling was essentially that of the S. E. Thompson Lumber Company.

■ The truck drivers lived at the job site which was an out of the way location, although there was no requirement that they should live there. They rented their living quarters from the S. E. Thompson Lumber Company and paid for their room and board. They could have stayed anywhere they wished, in fact, there is evidence that at the time of the accident they were on their way to the town of Denny to purchase toilet articles and to find a better place to live. The so-called bunkhouse rule, therefore, would not apply. (*Associated Oil Co.* v. *Industrial Acc. Com.*, 191 Cal. 557 [217 P. 744].) There is also testimony that they went to Denny to see if some oil and parts for the truck and equipment had arrived. Apparently, the trip was for a combination of reasons. It was the Riley Trucking Company's obligation to supply oil necessary for the operation of the trucks and to maintain them. The parts were necessary for the repair of one of the trucks. Under such a state of facts it cannot be said that the work being done at the time of the accident was essentially that of the S. E. Thompson Lumber Company. As far as the S. E. Thompson Lumber Company was concerned what Easterling did after his work day was ended was immaterial. Easterling's work day had ended so far as S. E. Thompson Lumber Company was concerned. On the other hand, although the trip was prompted by the combination of reasons given, the Riley Trucking Company is liable. (*Lockheed Aircraft Corp.* v. *Industrial Acc. Com.*, 28 Cal.2d 756, 758-759 [172 P.2d 1].)

Since there is no showing that at the time of the accident the work then being performed was in any way essentially that of the S. E. Thompson Lumber Company or that said company had any right to control said work we conclude that the Industrial Accident Commission exceeded its jurisdiction in holding Argonaut Insurance Exchange liable.

It is ordered that the award insofar as it places liability on the Argonaut Insurance Exchange be annulled, and it is further ordered that as to the Truck Insurance Exchange, the award be affirmed.

Van Dyke, P. J., and Peek, J., concurred.

The applications of petitioner Truck Insurance Exchange and respondent Industrial Accident Commission for a hearing by the Supreme Court were denied December 17, 1957. Spence, J., was of the opinion that the applications should be granted.